ALEXANDER CAR REPLACER MFG. CO. v. HEITZMANN TOOL & SUPPLY CO.

(Circuit Court, D. New Jersey. August 27, 1906.)

PATENTS—INFRINGEMENT—CAR REPLACER.

The Alexander patent No. 523,563 for a car replacer, claim 3, covering a device for use in replacing the wheels of derailed cars or locomotives on the track, construed and *held* not infringed.

In Equity.

William C. Strawbridge, for complainant.

Albert M. Austin and Alfred W. Kiddle, for defendant.

LANNING, District Judge. By this suit the complainant seeks an injunction to restrain the defendant from an alleged infringement of patent No. 523,563, for improvements in car replacers, granted July 24, 1894, to Robert E. Alexander, and by him subsequently assigned to the complainant. Claim 3 of the patent only is alleged to be infringed. That claim is as follows:

"A car replacing member consisting of a grooved guide, substantially as described, having an apexial portion, and a sloping inner side arranged to lie alongside of, and to diverge away from, the rail at the central or apexial portion, whereby the ends of the replacers can be adjusted toward and away from the rail, as and for the purposes set forth."

The "grooved guide" here mentioned is declared to be "substantially as described." Reverting to the specification which forms a part of the letters patent, and the accompanying drawings, for a description of it, we find that it is necessary to use two "car replacing members" in replacing upon a track any pair of wheels of a derailed car or locomotive. One of them is designed for use in replacing the wheel that rests between the two rails of the track, and the other in replacing the wheel that rests outside of the track. The "member" designed for outside use is higher at its apex than the other in order that the flange of the wheel may pass over the rail on which the outside wheel is to be replaced. Each of the "members" is constructed with an upwardly inclined longitudinal groove on its upper surface which diagonally approaches the rail from its lowest point to the apex of the "member." As the inside wheel mounts the inside "member" its flange travels in the groove of that "member," and, as the outside wheel mounts the outside "member," the tread of the wheel travels on the outer ridge of the groove while the flange of the wheel is crowded toward and over the rail by the outer ridge. As the ridge next to the rail in each of the "members" approaches the apex it gradually vanishes so that, at the apex, the surface of the "member" on the side next to the rail is a laterally inclined plane (or, as it is called in claim 3, a "sloping inner side") descending to the top of the rail. When the opposite wheels of a car or locomotive reach these apices the weight of the car or locomotive causes the wheels to slide down the inclined plane onto the rails. Each of the "members" is horizontally bow-shaped, and the

manner of construction between the apex and each end is the same. As the apex is in the middle of the bow-shaped "member" and as, in operative position, the apex of the "member" must be close to the rail, it will be observed that the "member" may be placed for use either in front or back of a derailed wheel. Such, as I understand it, is the substance of the invention described in claim 3 of the patent in suit, and the manner of its operation.

The longitudinal groove on the defendant's inside replacer is continuous from one end of the replacer to the other, and consequently, it has no inclined plane at the apex down which the wheel may slide. The defendant's outside replacer has a tread on which the tread of the outside wheel travels. The flange of the inside wheel travels in the groove of the inside replacer not only up to the apex, but over the apex and down the other side, gradually approaching the rail laterally, and also gradually descending from the apex, until the tread of the wheel rolls upon the upper surface of the rail. The tread of the outside wheel travels on the tread of the outside replacer not only up to the apex, but over the apex and down the other side, the flange of the wheel passing diagonally over the rail and thus allowing the tread of the wheel to roll upon the upper surface of the rail. The defendant's replacers are not bow-shaped but angular, and the apices are not necessarily placed adjacent to the rails. It thus appears that the defendant's replacers differ from those of the complainant in construction and in operation. Furthermore, the evidence shows that a derailed car or locomotive is placed on the track by the use of the defendant's replacers with much less jar or concussion than when the complainant's replacers are used. These facts disclose essential differences between the two types, and make it clear that the defendant is not guilty of the alleged infringement.

This conclusion renders it unnecessary to consider the defense concerning the alleged invalidity of claim 3 of the patent. There will be a decree dismissing the bill, with costs, on the ground that the proofs fail to show infringement.